UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ANGELICA M. THIERIOT, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>CELTIC INS. CO.,<br><br>        Defendant.<br>_____/ | No. C 10-04462 LB<br><br>**ORDER: (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL; (2) PRELIMINARILY APPROVING SETTLEMENT; ((3) APPROVING NOTICE TO CLASS; AND (4) SETTING HEARING FOR FINAL APPROVAL AND PLAINTIFFS' MOTION FOR FEES AND COSTS AND SERVICE AWARD** |

## I. INTRODUCTION

Plaintiff Angelica M. Thieriot brought this putative class action lawsuit against Defendant Celtic Insurance Company alleging that Celtic violated California Business and Professions Code § 17200 and California Insurance Code § 10199 (and was unjustly enriched) by not giving 30-days notice before increasing insurance premiums for certain health insurance policies. *See* Complaint, ECF No. 1. On December 9, 2010, Plaintiff filed an unopposed motion for the following: (1) preliminary approval of the settlement agreement reached by the parties; (2) provisional certification of the proposed settlement class; (3) a proposed plan for notice to the class of the litigation and the proposed settlement agreement; and (4) a proposed schedule for final approval of the settlement and entry of a final order and judgment. ECF No. 6.

ORDER (C 10-04462 LB)

In summary form, the settlement agreement is as follows. *See* Exh. 1. Celtic will contribute a total of $1,375,000 to the settlement fund. Settlement Agreement, Exh. 1. The settlement funds will be allocated to the following categories: (A) restitution (in the form of refunds of the excess insurance premiums during the four-year statute of limitations period) totaling $860,463, plus 7% annual interest; (B) attorney's fees, which cannot exceed one-third of the settlement fund (or $458,333) and which are subject to court approval; (C) administrative costs of the settlement (which Celtic's counsel estimated in court to be less then $10,000); and (D) an incentive award for Plaintiff if approved by the court. *Id.* The settlement will be administered by an independent claims administrator, *see id.*, Garden City Group. Any excess funds not used to pay refunds, administration costs, and attorney's fees will be distributed as a *cy pres* award to three specified charities. *Id.*

The court held a hearing on January 13, 2011, and now issues this order granting provisional class certification, appointing the class representative and class counsel, approving the settlement plan preliminarily, approving the plan for notice to the class, and setting the schedule for the final approval process (including Plaintiff's attorney's fees and incentive award).

## II. JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332(c) and (d)(2).

## III. DISCUSSION

**A. Conditional Certification of Class**

For settlement purposes only, the parties propose provisional certification of the following class:

> All individuals in California who (i) were insured – at any time from October 1, 2006 to October 1, 2010 – under any group master policy or other contract issued by Celtic which provides hospital, medical, or surgical benefits; (ii) were asked by Celtic to pay insurance premiums in excess of the premium amount initially agreed upon; and (iii) paid Celtic insurance premiums in excess of the premium rate in effect as of October 1, 2006 for existing policyholders, or, for contracts which were initiated after October 1, 2006, the initial premium rate.

*See* Settlement Agreement, Exh. 1, at 2.

The court reviews the propriety of class certification under Federal Rule of Civil Procedure 26(a) and (b). In a settlement context, the court must pay "undiluted, even heightened, attention" to class certification requirements because the court will not have the opportunity to adjust the class based

UNITED STATES DISTRICT COURT
For the Northern District of California

on information revealed at trial. *See Staton v. Boeing*, 327 F.3d 938, 952-53 (9th Cir. 2003) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (same).

The court finds that the proposed settlement class here meets the requirements of Federal Rule of Civil Procedure 23(a) and (b).

**1. Rule 23(a)**

Class certification requires the following: (1) the class must be so numerous that joinder of all members individually is "impracticable;" (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives must be typical of the claims or defenses of the class; and (4) the person representing the class must be able to fairly and adequately protect the interests of all class members. *See* Fed. R. Civ. P. 23(a); *Staton*, 327 F.3d at 953.

Here, the factors support class certification. First, the class members -- all identifiable from Celtic's customer records -- are (per counsel) around 450, which makes joinder is impracticable. *See Jordan v. County of L.A.*, 669 F.2d 1311, 1319 (9th Cir.), *vacated on other grounds*, *County of L.A. v. Jordan*, 459 U.S. 810 (1982). Second, the class members' claims all involve common facts about Celtic's increased insurance premiums without the prior notice required by the California Insurance Code. Similarly, the class members' legal issues involve the same legal theories about compliance with the insurance code. Third, Plaintiff's claims are typical (and indeed seem identical) to the claims (and injuries) of other class members: all involve insurance premium increases allegedly imposed without proper prior notice under the insurance code. *See Hanlon*, 150 F.3d at 1019-20 (claims are typical if they are reasonably coextensive with that of absent class members; they need not be substantially identical). Fourth, the parties agree, and the court finds, that Plaintiff is able to fairly and adequately protect the interests of all class members. The factors relevant to a determination of adequacy are as follows: (1) the absence of potential conflict between the named plaintiff and the class members; and (2) counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *Id*. at 1020. The court is satisfied that those factors exist here. As discussed already, the named plaintiff has shared claims

ORDER (C 10-04462 LB)
3

and interests with the class, and the parties jointly maintain that she has no conflicts of interest with them. Also, she has obtained qualified and competent counsel. *See* Schneider Declaration, ECF No. 8, ¶¶ 2-4; *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1162 (9th Cir. 2001); *Brown v. Ticor Title Ins. Co*., 982 F.2d 386, 390 (9th Cir. 1992).

**2. Rule 23(b)(3)**

In addition to meeting the prerequisites of Rule 23(a), a proposed class must be appropriate for certification under one of the categories in Rule 23(b). *See* Fed. R. Civ. P. 23(b); *Hanlon*, 150 F.3d at 1022. Plaintiff seeks provisional certification, and the court finds that certification is appropriate under Rule 23(b)(3). Questions of law and fact common to class members predominate over any questions affecting only individual members. *See* Fed. R. Civ. P. 23(b)(3). The case involves multiple claims for relatively small sums (on average $9,167), *see* Schneider Declaration, ECF No. 8, ¶ 8, and a class action is superior to an alternative method for fairly and efficiently adjudicating the claims. *See Amchem Products*, 521 U.S. at 625; *Culinary/Bartender Trust Fund*, 244 F.3d at 1163 (class action appropriate because "if plaintiffs cannot proceed as a class, some -- perhaps most -- will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover"). Also, according to the parties, no potential class member has expressed an interest in proceeding independently, and no apparent obstacles exist that would make managing a class action difficult. *See* Fed. R. Civ. P. 23(b)(3)(A), (C) and (D).

**3. Conclusion: provisional certification is appropriate**

Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the court conditionally certifies the class members set forth above solely for the purpose of entering a settlement in this matter.

**B. Appointment of Class Representative and Class Counsel**

For the reasons set forth in the previous section, the court appoints Angelica Thieriot to serve as the class representative. The court finds specifically that she has claims that are typical of the claims of class members generally and is an adequate representative of the other members of the proposed class. The court also finds that the firms of Schneider Wallace Cottrell Brayton Konecky, LLP and Pillsbury & Levinson, LLP, collectively, have sufficient experience and expertise in prosecuting

ORDER (C 10-04462 LB)
4

class action cases and appoints these firms as class counsel for settlement purposes only.

**C. Preliminary Approval of Settlement Agreement**

Procedurally, the approval of a class action settlement has two stages: (1) the preliminary approval, which authorizes notice to the class; and (2) a final fairness hearing, where the court determines whether the parties should be allowed to settle the class action on the agreed-upon terms. In reviewing the proposed settlement, the court need not address whether the settlement is ideal or or the best outcome, but determines only whether the settlement is fair, free of collusion, and consistent with Plaintiff's fiduciary obligations to the class. *See Hanlon*, 150 F.3d at 1027. The *Hanlon* court identified factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted).

The court evaluated the proposed settlement agreement for overall fairness under the *Hanlon* factors and concludes that preliminary settlement is appropriate. First, Plaintiffs have a strong case. Second, litigation poses risks, and Celtic denies liability. (The settlement agreement specifically provides that Celtic denies liability. *See* Exh. 1 at 1.) In any event, even with a strong case, litigation entails expense. Third, the amount offered in settlement appears sufficient to cover the excess premiums during the four-year-limitations period before Plaintiff filed the complaint, the administrative costs of settlement, and attorney's fees. That compares favorably to the potential outcome at trial, particularly given what Plaintiff's counsel believes is the difficulty of securing administrative penalties for violating a notice statute. *See* Schneider Declaration, ECF No. 8, ¶ 9. Also, the settlement is the product of serious, non-collusive, arms' length negotiations by experienced counsel with the assistance of an experienced mediator at JAMS.

At this stage, the settlement plan seems sufficiently fair for preliminary approval. The court advises the parties that a further showing will be needed for final approval on two grounds.

ORDER (C 10-04462 LB)
5

First, the settlement agreement provides for attorney's fees of up to one-third of the fund, or $458,333. The record that the court has now is not sufficient to determine whether that amount is appropriate. Moreover, one-third of the fund may in and of itself be excessive. *See Hanlon*, 150 F.3d at 1029 (twenty-five percent is considered a benchmark in common fund cases); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (twenty-five percent benchmark, though a starting point for analysis, may be inappropriate in some cases; fees must be supported by findings). In any event, the court must approve the fee award, and Plaintiff's attorney will make a full showing to justify attorney's fees and should submit its fee request in accordance with the lodestar method.

Second, the settlement agreement provides for an unspecified incentive payment to Plaintiff. While courts have found incentive payments to be reasonable, *see In re Mego Fin. Corp Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000), the court must evaluate the award, *see Staton*, 327 F.3d at 952, and Plaintiff should present evidence justifying why she should receive a payment beyond the ordinary refunds contemplated for class members.

Given the parties' submissions in their pleadings and at the hearing, and considering the amount of the settlement fund, these issues need not be resolved at this stage of preliminary approval. The notice describes the incentive payment and attorneys' fees and the need for court approval.

In sum, the court finds that viewed as a whole, the proposed settlement is sufficiently "fair, adequate, and reasonable" such that preliminary approval of the settlement is warranted. *See Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir.1982). The court thus approves the settlement agreement preliminarily.

**D. Approval of Class Notice**

The court approves the proposed notice, which will be mailed to all class members whose identities are known to the parties. Under the settlement plan, the notice will be sent by first-class mail to the class members, all of whom were customers of Celtic during the period October 2006 to October 2010 and therefore ascertainable through Celtic's customer data bases. *See* Exh. 1 at 3. The Claims Administrator will update the addresses by running a National Change of Address Registry check for all the addresses. *Id.*

ORDER (C 10-04462 LB)

6

The court also finds that the notice fairly, plainly, accurately, and reasonably informs class members of the following: (1) the nature of the litigation, the settlement class, the identity of class Counsel, and the essential terms of the settlement agreement, including the plan for the refunds of the premiums; (2) information about how administrative costs, court-approved attorney's fees, and possible payment to the class representative (if approved by the court) will be paid from the fund; (3) how to challenge or opt out of the settlement, if they wish to do so, and the effect of failing to do so; (4) this court's procedures for final approval of the settlement and settlement agreement and the class members' right to appear if they desire; and (5) how to obtain additional information regarding this litigation, the settlement agreement and the approval process.

In sum, the form of the notice is approved (subject to the corrections in the next paragraph), and the manner of distributing the class notice is approved.

The corrections to the form notice are based on the dates in the notice. The schedule in the notice (currently filed at ECF No. 7) scheduled a final fairness hearing on February 17, 2011, which was based on the parties' December 9, 2010 request for an expedited preliminary fairness hearing on December 16, 2010. *See* ECF No. 11. The court instead set the preliminary fairness hearing on January 13, 2010. *See* ECF No. 16 at 2. Plaintiffs now propose a revised expedited schedule that gives class members roughly 30 days to opt out or object to the settlement. *Id.* That process is too abbreviated. Instead, the notice should be amended to provide that any class member who wants to opt out or object to the settlement has sixty days after the settlement administrator first mails the class notice to opt out of the settlement or to file written objections.

The notice should also contain the revised hearing date set forth in section IV.

The parties propose, and the court orders, that Celtic will distribute the court-approved class notice by January 20, 2011. That results in a deadline to opt out of the class or object to the settlement of March 21, 2011.

E. Compliance With Class Action Fairness Act

The court also notes that on December 27, 2010, Celtic's attorney filed a declaration of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Declaration of Linda B.

ORDER (C 10-04462 LB)
7

Oliver, ECF No. 15. In that declaration, Celtic establishes that it timely mailed notice of the settlement agreement to the Attorney General of the United States and the appropriate state official in each state where -- based on Celtic's records of last-known mailing addresses -- class members reside. The notice contains the documents required by 28 U.S.C. § 1715(b)(1-8). Any final settlement approval will be more than 90 days after service. *See* 28 U.S.C. § 1715.

### IV. PROCEDURES FOR FINAL APPROVAL OF SETTLEMENT

The revised schedule for dates and deadlines is set forth in the table below in summary fashion and discussed in more detail in the sections that follow.

| Event | Date |
| --- | --- |
| Distribution of Court-Approved Class Notice | January 20, 2011 |
| Filing Deadline for Plaintiff's Motion for Fees, Costs, and Incentive Award | March 17, 2011 |
| Deadline to Opt Out of Class Or Object to Settlement | March 21, 2011 |
| Plaintiff to File Motion to Approve Settlement | March 31, 2011 |
| Final Settlement Fairness Hearing | April 21, 2011 |

#### A. Fairness Hearing

The Court sets the final fairness hearing in this case for April 21, 2011, at 11 a.m. at the United States District Court for the Northern District of California, Courtroom 4, 3rd floor, 1301 Clay Street, Oakland, California. At the hearing, the court will determine whether to grant final certification of the settlement class and final approval of the settlement agreement (including the payment of restitution for premiums, 7% annual interest, payment of attorneys' fees and costs, administrative costs and payment of an incentive award to the class representative).

#### B. Mailing of Notice by No Later Than January 20, 2011

The court orders Celtic (through the claims administrator) to mail by first-class postage the notice (with the court's revisions as set forth above) to all known potential settlement class members by no later than January 20, 2011. Under the terms of the settlement agreement, Celtic will provide the names and addresses of the class members to the claims administrator, and the claims

ORDER (C 10-04462 LB)
8

1  administrator will update the addresses by using the National Change of Address Registry or other
2  similar service before mailing the notice.  Exh. 1 at 3.[1]  The parties shall file proof of distribution of
3  notice at or before the final hearing.

4  C. Requests for Exclusion from the Settlement

5  1. Class members may exclude themselves, or opt out, of the class settlement.  Any request for
6  exclusion must be in the form of a written "opt-out" statement sent to class counsel and counsel for
7  Celtic in the manner set forth in the proposed notice set forth in Exhibit 2 to Plaintiff's unopposed
8  motion.  *See* Notice, ECF No. 7 at 10 *et seq*.  A request to be excluded from the settlement must
9  contain all of the following: (a) the class member's full name, current address and telephone
10 number; (b) A statement to the effect that "I wish to exclude myself from the settlement in *Thieriot
11 v. Celtic Insurance Company, Case No. 10-cv-04462-LB*"; and (3) the class member's signature and
12 the date he or she signed the request.  *See* ECF No. 7 at 4.

13 2.  To be excluded from the settlement, the opt-out request must be sent to the addresses in the
14 notice by First Class Mail and must be postmarked by **March 21, 2011**

15 3. Counsel for Celtic shall obtain copies of all requests for exclusion from the settlement claims
16 administrator and provide copies to class counsel and the court fourteen days before the final
17 fairness hearing.

18 **C. Objections to the Settlement**

19 1. Any class member who has not opted out of the settlement and who wishes to object to the
20 fairness, reasonableness or adequacy of the settlement must do so in writing.  Class members who
21 have timely objected to the settlement in writing may also appear at the fairness hearing.

22 2.  Objections shall be mailed to class counsel and counsel for Celtic, at the addresses provided

---

[1] Ultimately, the claims administrator will update the addresses of any returned refund checks by running a social security number search or Equifax search.   Exh. 1 at 5.  At the preliminary fairness hearing, the court assumed – and the parties did not dispute – that the claims administrator would check the addresses in a similar fashion for any returned notices.  Given that the class for October 2006 to October 2010 is readily ascertainable from Celtic's customer database (and thus is reasonably recent and accurate), these steps ensure adequate notice to the class in this case.

ORDER (C 10-04462 LB)
9

in the Class Notice, via first-class mail and must be postmarked by **March 21, 2011.**

3. Objections must include the following: (a) the name of the case, "*Angelica Thieriot v. Celtic Insurance Company,* Case No. 10-cv-04462-LB;" (b) the class member's full name, current address and telephone number; (c) a clear statement of each objection; (d) any documents the class member wishes to have considered in support of the objection; and (e) the class member's signature and the date of the signature. An objector who wishes to appear at the final fairness hearing, either in person or through counsel hired by the objector, must state his or her intention to do so at the time the objector submits his/her written objections.

4. Objections raised at the fairness hearing will be limited to those previously submitted in writing. Any member of the class who does not timely serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any member of the class who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

5. Class counsel and Celtic shall file copies of all timely objections with the court fourteen days before the fairness hearing.

### D. Deadline for Submitting Motion Seeking Final Approval

Plaintiff shall file a Motion for Final Approval of the Settlement and Settlement Agreement on or before March 31, 2010.

### E. Deadline for Petition for Attorneys Fees

Class counsel shall file with this court their petition for an award of attorneys' fees and reimbursement of costs and expenses, and for approval of a reasonable service award for the named plaintiff and class representative, no later than March 17, 2011. The motion shall be heard at the time of the fairness hearing.

### F. Plaintiff's and Class Members' Release

If, at the fairness hearing, this court grants final approval to the settlement and the settlement agreement, the named Plaintiff and each individual settlement class member who does not timely opt out will release claims, as set forth in the settlement agreement, by operation of this court's entry of

ORDER (C 10-04462 LB)
10

the judgment and final approval.

## G. **January 27, 2011 CMC Hearing**

The court vacates the case management hearing set for January 27, 2011, at 1:30 p.m.

IT IS SO ORDERED.

Dated: January 13, 2011

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California